**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHRISTOPHER JAY TAYLOR,

    Petitioner,

v.                                              Case No. 8:08-CV-2557-T-30MAP

DAVID GEE, et al.,

    Respondents.
_____/

## **ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus ("petition") (Dkt. 1). Petitioner is a prisoner incarcerated at Faulkenburg Road Jail, Tampa, Florida. The petition essentially asserts that Petitioner received a false and retaliatory prison disciplinary charge, and that he was placed in solitary confinement as a result. For relief, Petitioner requests the Court direct Respondents to release him from solitary confinement, and the Court hold an evidentiary hearing on Petitioner's claim that the disciplinary charge is false and retaliatory. Having undertaken a preliminary examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2009), the Court concludes that the petition is subject to dismissal without service on the Respondents.

**Discussion**

It is apparent from a review of the petition that Petitioner's petition challenging the disciplinary charge and his placement in solitary confinement is premature. Initially, the petition does not allege that Petitioner was convicted of the disciplinary charge. Furthermore, the petition does not assert that Petitioner has exhausted his administrative and state court remedies prior to filing his petition. "[P]risoners seeking habeas relief...are subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust administrative remedies). *See also, Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) (holding district court properly dismissed petition for lack of exhaustion where prisoner challenged his placement in segregation). 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue the relief he seeks. See FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Petitioner must first exhaust his administrative and state court remedies with respect to his claims prior to filing his petition in this Court.

To the extent Petitioner seeks to have this Court intercede in his prison disciplinary proceedings on the basis that he is being denied some of his requested witnesses, the Court

cannot grant this relief. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975).[1] The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted).

---

[1] The *Younger* doctrine applies to state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.*, 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

In the present case, Petitioner has a state action pending; the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional questions. Therefore, the *Younger* abstention doctrine applies and this Court will not interfere in Petitioner's ongoing state prison disciplinary proceedings.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED**.

2. The **Clerk** shall terminate all pending motion and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*